Paula Herzmark Executive Director Colorado Department of Local Affairs 1313 Sherman Street, Room 518 Denver, Colorado 80203
Dear Ms. Herzmark:
This opinion is in response to your May 29, 1981 letter, in which you inquired about the budget process of local governments and the division of local government's role in that process. As indicated in a memorandum dated December 24, 1981, from Mary Snow, assistant attorney general, to you, it is this office's understanding that you withdrew your request for opinions regarding the first three questions in your May 28, 1981 letter. Your second question had been answered in an attorney general opinion dated February 21, 1980. Ms. Snow addressed your first and third questions in an informal advisory opinion. This attorney general opinion, therefore, addresses only the fourth question listed in your May 28, 1981, letter.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents one major question with several subparts. The central question is:
Where a metropolitan recreation district has merged with a municipality, do the provisions of C.R.S. 1973, 29-1-301(1), as amended limiting annual increases in property taxes to 7 percent apply to property lying within the boundaries of the merged entities, but outside the municipality's boundary?
 My conclusion is "yes." It is my conclusion that any tax levied on property which is not within the municipality must be considered a tax levied by the district and is, therefore, subject to the 7 percent limitation of C.R.S. 1973, 29-1-301, as amended.
The subparts to this question and my responses are:
1. Since the joint mill levy on property located outside the municipality's boundaries is certified to the county under the name of the recreation district, is the part of the levy for park improvements subject to the seven percent limitation contained in C.R.S. 1973, 29-1-301, as amended?
 My conclusion is that a mill levy on property located outside the municipality's boundaries for parks improvements certified under the name of the recreation district is subject to the seven percent limitation contained in C.R.S. 1973, 29-1-301, as amended.
2. Can a city levy their share of the mill levy under the name of a recreation district in order to collect property tax from property located outside the boundaries of the city but within the district boundaries.
 My conclusion is "no." A city cannot levy any tax outside its boundaries.
3. Does the fact that the city lists the taxes as revenue in the city budget affect the manner in which the tax is certified?
 My conclusion is that regardless of how or whether the revenue is listed as the city's revenue the tax under consideration must be considered as a tax for the district and must be certified as such.
4. Is there a way for a city to levy a property tax outside the city boundaries but within the district boundaries?
 My conclusion is "no." Municipalities cannot tax property which lies outside of their boundaries. Therefore, any tax on property located outside the city boundaries must be viewed as a special district tax.
ANALYSIS
In answering your questions I am assuming the following facts which you have provided me: In 1972 the Northglenn Metropolitan Recreation District and the city of Northglenn merged pursuant to the provisions of C.R.S. 1973, 32-1-601 through -612, repealed and reenacted with amendments, House bill No. 1320 (1981 Sess. Laws, p. 1542). The boundaries of the recreation district encompass the city of Northglenn but also extend beyond that municipality. A court order dissolved the recreation district for all purposes except for those specified in the court order or the merger agreement which was incorporated into the court order by reference. While the merger agreement provided for the termination of district functions upon the payment of the district's bonded indebtedness or the establishment of an escrow sufficient for the payment of the bonded indebtedness, the merger agreement and the court order also authorized the board of directors of the district to levy and collect taxes necessary for payment of bonds "and for the purposes provided in the Merger Agreement." Order, paragraph 2, page 5. The merger agreement indicated that the board was to
 be responsible for certifying to the board of county commissioners of Adams County the amount of revenue to be raised by the annual mill levy of District necessary for payment of the bonded indebtedness of the District and the continuation of services as provided by this agreement.
Merger agreement, section 2(c), page 4. The court order also indicated that the city of Northglenn would fix the rate of levy but that that mill levy, when certified as herein provided, "shall be the joint mill levy of the City and District levied uniformly upon all taxable property in merged territory." Order, paragraph 3, page 5. The basic statute governing your question is C.R.S. 1973, 29-1-301(1), as amended, which states:
 All statutory tax levies when applied to the total valuation for assessment of . . . special districts established by law, and for the 1983 property tax year cities and towns chartered as home rule shall be so reduced to prohibit the levy of a greater amount of revenue than was levied in the preceding year plus 7 percent. . . .
This language means that a tax levied for district purposes is subject to the 7 percent limitation. That the city participates under the merger agreement in setting the taxes does not alter my conclusion. Since the property is located outside the municipal boundaries, it must be viewed as part of the special district and not part of the municipality. A municipal corporation, home rule or otherwise, cannot levy taxes on property outside its territorial limits regardless of how the city accounts for the revenues from those taxes.
One general rule of municipal corporate law states that:
 (W)hile it has jurisdiction over the territory embraced within its corporate limits, a municipal corporation cannot, without legal authorization, exercise its powers beyond its own corporate limits.
2 McQuillan, The Law of Municipal Corporations (1966), section 7.02, page 282. A municipality under this rule, has no power to tax property outside its territorial boundaries unless specifically granted that power.
Colorado statutes governing municipal corporations appear to follow the general rule and do not grant to municipal corporations extraterritorial taxing powers. C.R.S. 1973, 31-20-101, provides that municipalities may
 Levy taxes, the same kinds and classes, upon taxable property, real, personal, and mixed, within the municipal limits as are subject to taxation for state or county purposes in accordance with the laws of the state.
(Emphasis added.)
The statutes governing dissolution of special districts do not expand a municipality's authority to tax property. At the time the city of Northglenn and the Northglenn Metropolitan Recreation District merged, C.R.S. 1973, 32-1-604(4)(a) stated:
 When services are to be continued, any plan for dissolution shall be accompanied by a copy of an agreement with one or more service authorities, municipalities, or districts, or combination thereof, whereby responsibility for all services presently provided by the district will be assumed by such service authorities, municipalities, or districts; and such agreement or agreements shall provide for the operation and maintenance of the system or facilities with those of the service authority, municipality, or district, provisions for service, rates, and charges, and, if applicable, provisions concerning acquisition of the district system or facilities, merger or inclusion of territory, procedures for contract modification, employee rights and retirement benefits. Such agreement or agreements may include provisions for certification of levies by the dissolved district and the contracting service authority, municipality, or district providing the services. . . .
(Emphasis added.)
This statutory provision does not specifically grant to the municipality the power to tax outside of its boundaries. Rather, it authorizes a district and municipality to jointly certify a tax levy. It is my opinion that a municipal corporation is not authorized by Colorado law to levy taxes on property outside its territorial limits. Consequently, a tax on property outside the municipality's boundaries must be viewed as a special district tax and not a municipal tax.
In your fourth question you commented that the city of Northglenn and the division of local government are concerned since the bonds of the Northglenn Metropolitan Recreation District will be paid soon and the recreation district will be dissolved. I note that the court order and merger agreement provide for continuing judicial supervision and jurisdiction "for the purpose of considering any future contract modification or other questions concerned with performance of the Merger Agreement." Order, paragraph 8, page 6. Since the district has not yet been dissolved for all purposes, it would appear that the parties and the court could modify the merger agreement and court order to provide for joint certification of tax levies if necessary.
SUMMARY
To briefly summarize my opinion, (1) the 7 percent limitation applies to a tax levied on land located within the area of the merged city and district, but outside the city boundary; (2) the city of Northglenn cannot, by using the name of the district, levy a tax on property outside the boundaries of the city but within the district boundaries; any tax on property located outside the city boundaries must be viewed as a special district tax and not a municipal tax; (3) the manner in which the property tax revenue for park and improvements is listed as revenue in the Northglenn budget and audit does not affect the manner of certification of the levy; (4) the statutes do not authorize the city of Northglenn to levy a property tax outside the city boundaries.
Very truly yours,
 J.D. MacFARLANE Attorney General
MUNICIPAL CORPORATIONS TAXATION AND REVENUE
C.R.S. 1973, 29-1-301
C.R.S. 1973, 32-1-604(4)(a) C.R.S. 1973, 31-20-101
AFFAIRS, LOCAL, DEPT. OF Local Government, Div. of
Where a metropolitan recreation district has merged with a municipality, any tax levied on property which is not within the municipality must be considered a tax levied by the district and therefore subject to the seven percent limitation on increased revenues.